If an estate in the lands in question passed by the deed from Alexander to the plaintiff, the clause of warranty, or covenant for quiet enjoyment, whichever it may be considered to be, will have its usual operation in favor of the plaintiff. But if an estate did not pass by that deed, and it is apparent on the deed that nothing passed, the question arises, What is the effect of the warranty or covenant? That nothing passed by the deed is apparent, I think, and it matters not whether the defendant was authorized and qualified by those who had title to the lands to sell them or not, because the deed is executed by him by signing his own name only, and therefore it is his own deed; and being his own deed only, and he having no title to the land, but the title of the land being in his principals which the deed sets forth, it *Page 89 
follows from viewing the deed itself that no title passed from the defendant to the plaintiff. In order to have passed title to the lands, had he authority for so doing, he ought to have signed the names of his principals to the deed, and then it would have been the deed of his principals, executed by them by their agent duly authorized by them so to do. That the law is so appears from Comb's case, 9 Reports, 77a, followed and supported by numerous decisions that have taken place since, 2 Ld: Raym., 1418; 2 East, 142; Str., 705. If, then, nothing passed by the deed, what effect can the clause of warranty have as such? In Ed. Seymour's case, 9 Coke, 96, it was said, and so decided by the Court. "That every warranty must be knit and annexed to some estate; that every warranty has its essence by dependency upon an estate, so that if a man make the a gift in tail, with warranty to him and his heirs, and tenant in tail maketh a feoffment and dies without issue, the warranty bindeth not, because the estate to which the warranty was annexed is determined; that if no estate is conveyed the warranty is a nullity; that if any estate is conveyed the warranty annexed (162) to it becomes inoperative when the estate determines." So in the present case, if no estate was conveyed there is nothing to which a warranty can attach, and therefore the clause of warranty as such is inoperative and the plaintiff's claim cannot be sustained on that ground.
It is next to be seen whether it can be supported on the same clause as acovenant and from this inquiry I apprehend there will be the same result. In Caponhurst v. Caponhurst, 1 Lev., 45, and the same case reported in Ray, 27; 1 Keb., 164, 130, 183, where lessee for years of a long term assigned so much of the term as should be to come at the time of his death to the plaintiff, and covenanted that he should enjoy it, it was held that the assignment was void, and for that was cited 1 Co. Cheddington's case, and that the covenant for enjoyment was also void, and for that was cited Yelv., 18. In Northcote v. Underhill, 1 Salk., 199, also reported in 1 Ld. Ray., 388, the defendant by his deed granted, bargained, and sold to the plaintiff and his heirs; provided that if the grantor paid so much money it should be lawful for him to reenter, and that he covenanted to pay the saidmoney to the plaintiff, and a breach was assigned in nonpayment of the money. It was argued for defendant that the deed was void for want of enrollment (which was admitted by the court), and that, like the case in Lev., as nothing passed by the deed the covenants were void. But Lord Holtsaid that in Caponhurst v. Caponhurst the covenant was relative and dependent; it referred to an estate, and was to wait upon it; if there was no estate the covenant failed, but in the case his *Page 90 
Lordship was then deciding he said the covenant was distinct, separate and independent; and it was not material whether any estate passed or not. So that both these cases are authorities in the present question, for the covenant for quiet enjoyment is annexed to and dependent (163) upon the estate granted, and if no estate or interest passed the legal consequence is that the covenant is void, of course. Were there a distinct, separate and independent covenant by which the defendant bound himself, as for the payment of money or anything else, he would be bound to the performance of such covenant.
I therefore think it is apparent from the deed itself that no estate passed, because the deed was not signed by the principals in their respective names by their agent, and that consequently the warranty or covenant (whichever it may be called) resting and depending upon it is void and inoperative, and that the judgment of the court below is right, and ought to be affirmed.
HENDERSON, J., concurred.
PER CURIAM. Affirmed.